

The Attorney General

of Texas

Austin, Texas 78711

April 15, 1976

JOHN L. HILL
ATTORNEY GENERAL

The Honorable A. R. Schwartz           Opinion No. H-808
Chairman
Senate Jurisprudence Committee         Re: Whether a peace
State Capitol                          officer's destruction of
Austin, Texas 78711                    an arrest record pursuant
                                       to an official expunge-
                                       ment policy is an offense
                                       under section 37.10, Penal
                                       Code.

Dear Senator Schwartz:

     You have requested our opinion regarding the applica-
bility of the exception provided in section 37.10(b) of the
Penal Code to a peace officer's destruction of a record
relating to an individual's arrest. Section 37.10 provides
in pertinent part:

     (a)  A person commits an offense if he:

     . . .

          (3)  intentionally destroys, conceals,
     removes, or otherwise impairs the verity,
     legibility, or availability of a govern-
     mental record.

     (b)  It is an exception to the application
     of Subsection (a)(3) of this section that
     the governmental record is destroyed pur-
     suant to legal authorization.

"Governmental record" is defined in section 37.01 as "anything: (A) belonging to, received by, or kept by government for information; or (B) required by law to be kept by others for information of government."

No Texas statute specifically requires that records of arrests be maintained by any law enforcement agency. But see V.T.C.S. arts. 4413(14) and 4413(16). In our opinion, subject to the limitations noted below, a record of an arrest may be destroyed pursuant to the same authority by which it is kept. If such records are required or permitted to be maintained by city charter or by order of the commissioners court, they may be disposed of only as provided in the city charter or commissioners court order. If they are maintained pursuant to an order of the sheriff or chief of police, that official must authorize their destruction. If they are kept merely on the initiative of individual officers, the officer who files the record is authorized to dispose of it.

We note two limitations upon the authority to destroy records of arrests. The disposition of any record relating to an individual's arrest is, of course, subject to overriding judicial order. Furthermore, since a record of a person's arrest is a "public record" under the Open Records Act, article 6252-17a, V.T.C.S. [See Houston Chronicle Pub. Co. v. City of Houston, 531 S.W.2d 177 (Tex. Civ. App. -- Houston [14th Dist.] 1975, writ filed)], it may not be destroyed after it has become the subject of a valid request under that statute. In such a case, destruction of the record might well constitute an offense under section 39.02 of the Penal Code.

## S U M M A R Y

Subject to judicial order and to the public's rights under the Open

Records Act, a record of a person's arrest may be destroyed pursuant to the same authority by which it is maintained.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb